Michael P. O'Bresly (CA SBN 165512)
(mobresly@obreslylawfirm.com)
LAW OFFICE OF MICHAEL P. O'BRESLY
1300 Clay Street Suite 1000-A
P. O. Box 72351
Oakland CA 94612
Tel: (510) 868-0299
Fax: (510) 740-3960
Attorney for Plaintiff
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD

Michael F. Hardiman (CA SBN 104508)
(mhardiman@sflawfirm.com)
Lauren O'Brien (CA SBN 157118)
(lobrien@sflawfirm.com)
Members of HARDIMAN & CARROLL, LLC
450 Sansome Street
Suite 700
San Francisco, CA 94111
Tel: (415) 248-3930
Fax:(415) 248-3933
Attorneys for Plaintiff
CLARENDON AMERICA INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, an Illinois Corporation; and CLARENDON AMERICA INSURANCE COMPANY, a New Jersey Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania Corporation; WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation;<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF |

Plaintiffs NATIONAL FIRE INSURANCE COMPANY OF HARTFORD ("NATIONAL FIRE") and CLARENDON AMERICA INSURANCE COMPANY ("CLARENDON"), by and through their attorneys, allege and show the court as follows:

**I.      JURISDICTION**

1. This Court's jurisdiction is invoked pursuant to Title 28 of the United States Code, Section 1332 (a) (1), because there exists a complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.

2. At times material herein, Plaintiff NATIONAL FIRE was and is a corporation organized under the laws of Illinois, with its principal place of business in Illinois. For purposes of the interests at issue in this action, NATIONAL FIRE succeeded by corporate merger to the rights and obligations of Transcontinental Insurance Company on December 31, 2007.

3. At times material herein, Plaintiff CLARENDON was and is a corporation organized under the law of New Jersey, with its principal place of business in New York.

4. At times material herein, Defendant WESTCHESTER FIRE INSURANCE COMPANY (hereafter, "WESTCHESTER FIRE") was and is a corporation organized under the laws of the State of Pennsylvania. WESTCHESTER FIRE's principal place of business for purposes of 28 U. S. C. §1332 is in the State of Pennsylvania.

5. At times material herein, Defendant WESTCHESTER SURPLUS LINES INSURANCE COMPANY (hereafter, "WESTCHESTER SURPLUS") was and is a corporation organized under the laws of the State of Georgia. WESTCHESTER SURPLUS's principal place of business for purposes of 28 U. S. C. §1332 is in the State of Georgia.

6. Defendants WESTCHESTER FIRE and WESTCHESTER SURPLUS shall sometime be referred to herein collectively as "WESTCHESTER" or the "WESTCHESTER ENTITIES."

7. Both WESTCHESTER ENTITIES regularly engage in the business of underwriting liability insurance covering risks in the State of California. Moreover, the present action arises from a dispute involving contracts of insurance underwritten by the WESTCHESTER ENTITIES to cover the liabilities of an entity located in this State, and therefore specifically directed to this State.

## II. VENUE

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (a) (2), as a substantial part of the events or omissions giving rise to the claim occurred in this district. As described below, this suit involves an insurance coverage dispute arising out of an Underlying Action which was venued in this District Court. The claims in that underlying suit involved alleged construction defects at a Hotel Resort located at South Lake Tahoe, California. Additionally, the insured, Urata and Sons Cement, Inc., maintains its corporate business address in Rancho Cordova, California.

## III. THE PARTIES AND THEIR INSURANCE POLICIES

9. This is an action seeking equitable contribution and a declaration of the obligations of certain insurance carriers which covered the liability risks of an entity known as Urata & Sons Cement, Inc. ("Urata"), which was a party to an action previously pending before this Court. Plaintiffs paid to settle Urata's liabilities in that action, whereas Defendants did not. Plaintiffs contend that Defendants should have also contributed to the settlement, and therefore seek relief described herein.

10. At times material herein, NATIONAL FIRE's predecessor in interest underwrote policies of commercial general liability insurance covering certain liability risks of an entity known as Urata and Sons Cement, Inc. (hereinafter "Urata").

11. At times material herein, CLARENDON underwrote policies of commercial general liability insurance covering certain liability risks of Urata.

COMPLAINT - 3

12.  At times material herein, Plaintiffs are informed and believe and on that basis allege that Defendant WESTCHESTER FIRE issued policies of liability insurance to cover the liabilities of Urata, including but not limited to policies GLS 683642, in effect May 6, 2002 through 2003;

13.  At times material herein, Defendant WESTCHESTER SURPLUS issued policies of liability insurance to cover the liabilities of Urata, including GLS 755501 in effect May 6, 2003 through 2004; GLW 778993 in effect May 6, 2004 through 2005; GLW 787540 in effect May 6, 2005 through 2006; and G22013312001 in effect May 6, 2006 through 2007.

14.  On information and belief, Plaintiffs allege that Defendants' policies, and each of them, provide an agreement to defend and indemnify Urata from certain risks of legal liability, which provides in material part:

> The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
>> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

The WESTCHESTER ENTITIES are in possession of the contracts of insurance identified above, and know the terms and contents thereof, to an equal or greater extent than do Plaintiffs.

### IV.  THE UNDERLYING ACTION

15.  In or about 2002, Debtor Sunterra Corporation initiated an adversary proceeding in a bankruptcy action pending in the United States Bankruptcy Court in and for the District of Maryland.  The adversary proceeding was subsequently referred to the United States District

---

Court in and for the Eastern District of California, Sacramento Division, and was styled <u>Diamond Resorts Corporation f/k/a Sunterra Corporation, et al. v. Perini Building Company, et al.</u>, Case No. 2:04CV-0784-MCE-EFB (hereinafter, the "Underlying Action").

16. The Underlying Action is now resolved and dismissed.

17. Diamond Resorts Corporation f/k/a Sunterra Corporation with certain related or affiliated entities (collectively, "Sunterra") alleged in the Underlying Action that it was and is the owner of a Resort Hotel located in South Lake Tahoe, California known as the Embassy Vacation Resort; that the Resort Hotel was constructed with certain construction deficiencies; that as a result of these deficiencies, the Resort Hotel had been damaged; that the defects and damage had resulted in monetary and other losses to Sunterra; that defendant Perini Building Company ("Perini") and others were responsible to some degree for the defective conditions and damages to the building; and that Perini was liable to Sunterra to compensate it for the costs of repairing the Resort Hotel and other damages alleged.

18. On or about January 30, 2007, Perini Building Company ("Perini") filed its Second Amended Cross-Complaint in support of its cross-claim against various third party cross-defendants. In this cross-claim, Perini sought damages and equitable relief, and sought to be held harmless from the damages alleged by underlying complainant Sunterra. Perini named Urata as one such cross-defendant.

19. Plaintiff Sunterra's allegations and cross-complainant Perini's allegations made in the Underlying Action are set forth in greater detail in the Complaints and Cross-Complaint and other pleadings contained in this Court's files. The foregoing description of the Underlying Action is intended only to elucidate the nature of the present dispute.

20. Urata or persons acting on its behalf placed its insurance carriers on notice of the cross-claim in the Underlying Action to various insurance companies, including Plaintiffs and Defendants herein.

21. Based on information and belief, WESTCHESTER received the notice and assigned claim number JY07J004627 to the claim against Urata in the Underlying Action.

22. WESTCHESTER thereafter agreed to defend Urata against the allegations against it in the Underlying Action.

23. Plaintiffs also agreed to defend Urata in the Underlying Action, pursuant to reservations of rights.

24. Shortly before a court-ordered settlement conference scheduled in the Underlying Action, WESTCHESTER announced that it refused to contribute to or reimburse the expense for settling and indemnifying Urata's potential liabilities in the Underlying Action. WESTCHESTER further announced that it would withdraw and terminate further defense of Urata within 15 days.

25. WESTCHESTER's action was wrongful and constituted an anticipatory breach of its insuring agreement with Urata. The reasons given by WESTCHESTER for its decision to refuse to pay settlement and to withdraw its defense were unfounded and erroneous.

26. Despite WESTCHESTER's improper conduct, Urata's liabilities in the Underlying Action were settled for the amount of $1 million. This settlement was thereafter funded by NATIONAL FIRE, CLARENDON and Urata's other insurers.

27. NATIONAL FIRE and CLARENDON each contributed $387,500 to the settlement, or a combined amount of $775,000 of the total $1 million settlement paid to the underlying claimants.

28. Based on the wrongful conduct of Defendants herein, both NATIONAL FIRE and CLARENDON were required to pay an excessive and inequitable share of the costs of indemnifying Urata in the Underlying Action.

29. Had WESTCHESTER participated in the settlement, NATIONAL FIRE's share of the settlement would have been approximately $200,000 less than actually paid; or in a more specific amount according to proof to be presented herein.

30. Had WESTCHESTER participated in the settlement, CLARENDON's share would have been approximately $200,000 less than it actually paid; or in a more specific amount according to proof to be presented herein.

## FIRST CAUSE OF ACTION
## EQUITABLE CONTRIBUTION

31. Plaintiffs incorporate by reference all allegations of the foregoing paragraphs as if set forth in full.

32. Sunterra sought monetary damages from Perini, which in turn sought monetary damages from Urata, a third party defendant in the Underlying Action, for, among other things, damage to property caused by defective construction for which Urata was allegedly responsible.

33. Plaintiffs are informed and believe, and on that basis allege, that in the Underlying Action, Sunterra alleged that it had had suffered "property damage" as that term is used in WESTCHESTER FIRE's and WESTCHESTER SURPLUS's policies, happening during the term of those policies.

34. Plaintiffs are informed and believe, and on that basis allege, that all conditions precedent to the obligation of Defendant to both defend and indemnify Urata under its insurance policies have been satisfied, waived or excused.

35. Plaintiffs herein both defended and indemnified Urata against the claims asserted against it in the underlying action, pursuant to the terms and conditions of their respective liability insurance policies.

36. The risk of loss to Urata represents a common obligation of Plaintiffs and Defendant herein.

37. By reason of the Defendant's failure to discharge its insurance obligation to Urata, Plaintiffs incurred and/or paid more than the equitable share of the money paid and incurred to defend and indemnify Urata from its liabilities in the Underlying Action.

38. Under equitable principles, Plaintiffs are entitled to an award of monetary damages representing contribution, to restore them to its rightful and equitable position had Defendant paid a fair and equitable proportionate share of the total costs of settlement indemnity incurred, to equalize the common burden shared by these co-insurers.

WHEREFORE, NATIONAL FIRE and CLARENDON pray for judgment as set forth below.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF

39. An actual, present and justiciable controversy has arisen and now exists between Plaintiffs on the one hand and Defendants on the other, concerning their respective rights, duties and obligations under the insurance policies issued by each of them.

40. In particular, Plaintiffs contend, and Defendants deny the following:

  a. Defendants WESTCHESTER FIRE and WESTCHESTER SURPLUS had a duty to defend Urata against the claims, demands, actions and causes of action asserted against it in the Underlying Action;

  b. Defendants' decision to withdraw from the defense of Urata was improper and constituted a breach of its insuring agreement;

  c. Defendant had and has an equitable duty and responsibility to pay a fair and proportionate share of the indemnity incurred on behalf of Urata, and

d. the costs associated with the indemnity of Urata should be equitably apportioned between and among Plaintiffs and Defendant under applicable law and equitable principles.

41. Plaintiffs assert and contend that declaratory judgment is both necessary and proper at this time for the court to determine the respective rights and liabilities of the parties regarding their obligations to pay for the defense and indemnity of Urata in the Underlying Action.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## PRAYER FOR RELIEF

Plaintiffs respectfully pray for judgment, as follows:

1. Under the Second Cause of Action, that the Court make a judicial declaration:
   a. that the Defendant herein had a duty and obligation to defend Urata in the Underlying Action;
   b. that the Defendant's decision to withdraw from Urata's defense was improper;
   c. that the Defendant had a duty to indemnify Urata in connection with the damages at issue in the Underlying Action;
   d. that the Defendant now has a duty to contribute to Plaintiffs' payments therefore; and
   e. that establishes the equitable apportionment of the indemnity settlement as between Plaintiffs and Defendant herein.
2. Under the First Cause of Action, that the Court order monetary relief to Plaintiffs, and each of them, from Defendant in amounts to reimburse them for indemnity settlement costs incurred, in amount that is determined to be fair and equitable, with pre-judgment interest at the applicable rate thereon;

3. An award to Plaintiffs, and each of them, of the costs of suit incurred in the present action; and

4. That the Court grant such other and further relief as is just and proper.

Dated: March 22, 2011

NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD

By:

_____
Michael P. O'Bresly

Dated: March 21, 2011

CLARENDON AMERICA INSURANCE
COMPANY

By:

_____
Lauren O'Brien