GARY L. GREEN, ESQ., CA Bar No. 82218
HARRIS, GREEN & DENNISON
A Professional Corporation
5959 West Century Boulevard, Suite 1100
Los Angeles, California 90045
Telephone: (310) 665-8656
Facsimile: (310) 665-8659

Attorneys for Defendants, WESTCHESTER FIRE INSURANCE COMPANY and WESTCHESTER SURPLUS LINES INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, an Illinois Corporation; and CLARENDON AMERICA INSURANCE COMPANY, a New Jersey Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania Corporation; WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia Corporation,<br><br>Defendants. | CASE NO.: 2:11-cv-00786-KJM-CMK<br><br>Assigned to: The Hon. Kimberly J. Mueller<br><br>ANSWER TO PLAINTIFFS' COMPLAINT OF DEFENDANTS, WESTCHESTER FIRE INSURANCE COMPANY AND WESTCHESTER SURPLUS LINES INSURANCE COMPANY; DEMAND FOR JURY TRIAL |

COMES NOW Defendants, WESTCHESTER FIRE INSURANCE COMPANY (hereinafter "WFIC") and WESTCHESTER SURPLUS LINES INSURANCE COMPANY (hereinafter "WSLIC") (Defendants, WFIC and WSLIC are sometimes hereinafter collectively referred to as the "Defendants"), by and through their counsel of record, Gary L. Green, Esq. of Harris, Green & Dennison, APC, and hereby answer the Complaint of Plaintiffs, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD and CLARENDON AMERICA INSURANCE COMPANY (hereinafter collectively referred to as the "Plaintiffs") as follows:

## JURISDICTION

1. Answering paragraph 1, Defendants admit that the amount in controversy exceeds

1

$75,000. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny the remaining allegations contained therein generally and specifically, and each and every part thereof.

2. Answering paragraph 2, Defendants acknowledge that no allegations contained in paragraph 2 are asserted against Defendants and therefore no response by Defendants is required. If a response is deemed necessary, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein generally and specifically, and each and every part thereof.

3 Answering paragraph 3, Defendants acknowledge that no allegations contained in paragraph 3 are asserted against Defendants and therefore no response by Defendants is required. If a response is deemed necessary, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein generally and specifically, and each and every part thereof

4. Answering paragraph 4, Defendants admit the allegations contained therein.

5. Answering paragraph 5, Defendants admit the allegations contained therein.

6. Answering paragraph 6, Defendants admit that Plaintiffs' complaint uses the referenced abbreviations to collectively refer to the Defendants therein, but deny that said abbreviated names are the actual names of Defendants and deny the remaining allegations thereof, generally and specifically, and each and every part thereof.

7. Answering paragraph 7, Defendants admit that: WFIC is an admitted insurer in California authorized to transact, and does transact insurance in this state; that WSLIC is an eligible surplus lines insurer authorized in California to transact, and does transact insurance through authorized surplus lines brokers in this state, and; that Defendants' policies alleged in the Complaint were issued to an insured whose address was located in California at the time of issuance of said policies. Except as so specifically admitted, Defendants deny the remaining allegations contained therein, generally and specifically, and each and every part thereof.

## VENUE

8. Answering paragraph 8, Defendants admit that: this matter involves an insurance

coverage dispute; the complaint of the plaintiffs in the underlying action identified in Plaintiffs' within complaint (the "Underlying Action") was originally filed in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), subsequently transferred to Bankruptcy Court for this District and subsequently referred to the within Court of this District (the "Instant Court"); that the Underlying Action generally concerned a project in South Lake Tahoe, California (the "Project"); and, at the time of issuance of Defendants' subject policies of insurance, the insured's address was listed thereon as being in Rancho Cordova, California. Further answering paragraph 8, Defendants allege as follows: that only Phases I, II and III of the Project were at issue in the Underlying Action; at all times during which Defendants' insured, Urata & Sons Cement, Inc. ("Urata") worked on Phases I, II and III of the Project and completed its work on those phases of the Project, the Project was built for and intended for sale to the public of individually owned, fee simple interests, to wit, a "timeshare" condominium project; these answering Defendants deny, generally and specifically, the characterization of the subject Project as a "hotel resort" at the times relevant herein. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny the remaining allegations contained therein, generally and specifically, and each and every part thereof.

## THE PARTIES AND THEIR INSURANCE POLICIES

9. Answering paragraph 9, Defendants admit that Plaintiffs allege in their within complaint that they seek equitable contribution and declaratory relief under various policies of insurance issued by Defendants to Urata, and that Plaintiffs make the contentions as alleged in their Complaint. Defendants deny, generally and specifically, the merits of Plaintiffs' contentions, that Plaintiffs are entitled to the relief they seek or to any relief, and that Defendants ever were or are under any obligation to contribute any sum or sums to the settlement alleged in the Complaint or to reimburse Plaintiffs for any settlement contributions or any defense expenses they allegedly incurred in the underlying lawsuit. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny the remaining allegations contained therein, generally and specifically, and each and every part

3
ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL

thereof.

10. Answering paragraph 10, Defendants acknowledge that no allegations contained in paragraph 10 are asserted against Defendants and therefore no response by Defendants is required. If a response is deemed necessary, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein generally and specifically, and each and every part thereof

11. Answering paragraph 11, Defendants acknowledge that no allegations contained in paragraph 11 are asserted against Defendants and therefore no response by Defendants is required. If a response is deemed necessary, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein generally and specifically, and each and every part thereof

12. Answering paragraph 12, Defendants admit that WFIC issued policy No. GLS683642 to Urata for the period May 6, 2002 to May 6, 2003 (sometimes hereinafter the "2002-03 Policy" or the "WFIC Policy"), the coverage afforded by which is subject to all applicable policy provisions, including, without limitation, the declarations, insuring agreements, definitions, conditions, exclusions, limitations and endorsements thereto. Except as so specifically admitted, Defendants deny the remaining allegations contained therein, generally and specifically, and each and every part thereof.

13. Answering paragraph 12, Defendants admit that WSLIC issued the following policies of insurance to Urata, the respective coverages afforded by which are subject to all applicable policy provisions, including, without limitation, the declarations, insuring agreements, definitions, conditions, exclusions, limitations and endorsements thereto: policy No. GLS775501 for the period May 6, 2003 to May 6, 2004 (the "2003-04 Policy"); policy No. GLW778993, for the period May 6, 2004 to May 6, 2005 (the "2004-05 Policy"); policy No. GLW787340, for the period May 6, 2005 to May 6, 2006 (the "2005-06 Policy); and, policy No. G22013312001, for the period May 6, 2006 to May 6, 2007 (the "2006-07 Policy") (the 2003-04 Policy, the 2004-05 Policy, the 2005-06 Policy and the 2006-07 Policy are sometimes hereinafter collectively referred to as the "WSLIC Policies"; the WFIC Policy and the WSLIC Policies are sometimes

hereinafter collectively referred to as "Defendants' Policies"). Except as so specifically admitted, Defendants deny the remaining allegations contained therein, generally and specifically, and each and every part thereof.

14. Answering paragraph 14, Defendants admit that said paragraph quotes limited, selective portions, lacking in context provided by other, omitted applicable policy provisions, of a part of the preface and a part of insuring agreement 1.a of Coverage A of the Defendants' Policies of insurance, and that Defendants possess copies of the Defendants' Policies of insurance and know the terms and contents thereof. Except as specifically admitted above, Defendants deny, generally and specifically, the remaining contained therein, generally and specifically, and each and every part thereof.

## THE UNDERLYING ACTION

15. Answering paragraph 15, Defendants admit that in or about 2002, Debtor Sunterra Corporation and certain of its affiliates (hereinafter collectively "Sunterra") filed a complaint in the Maryland Bankruptcy Court, which was subsequently transferred to the Bankruptcy Court for this District and subsequently referred to the Instant Court and styled as *Sunterra Corporation, et. al. v. Pernini Building Company; And Related Cross Actions*, Case No. 04-CV-00784-MCE-PAN (referred to herein as the "Underlying Action"). Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny the remaining allegations contained therein, generally and specifically, and each and every part thereof.

16. Answering paragraph 16, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein generally and specifically, and each and every part thereof.

17. Answering paragraph 17, Defendants admit that Sunterra's complaint in the Underlying Action generally alleged that a Sunterra affiliate was the owner of the Project at the times relevant therein, that the Project purportedly had deficiencies, and that Sunterra alleged damages in connection therewith against Perini Building Company ("Perini"). These answering Defendants deny, generally and specifically, that the words "resort hotel" appear in Sunterra's

5

complaint in the Underlying Action and, further, deny, generally and specifically, the characterization of the subject Project as a "resort hotel" at the times relevant to the Underlying Action and at the times relevant herein. Further answering paragraph 17, Defendants allege as follows: that only Phases I, II and III of the Project were at issue in the Underlying Action; that at all times during which Defendants' insured, Urata, worked on Phases I, II and III of the Project and completed its work on those phases of the Project, the Project was built for and intended for sale to the public of individually owned, fee simple interests, to wit, a "timeshare" condominium project. These answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny the remaining allegations contained therein, generally and specifically, and each and every part thereof.

18. Answering Paragraph 18, Defendants admit that Perini filed a cross-claim in the Underlying Action against various cross-defendants including, but not limited to Urata, for equitable and express indemnity, declaratory relief, and damages. These answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny the remaining allegations contained therein, generally and specifically, and each and every part thereof.

19. Answering paragraph 19, Defendants admit that Plaintiffs have not set forth in their within complaint all of the allegations of Sunterra's Complaint or of Perini's Cross-Claim, which pleadings speak for themselves. Defendants deny, generally and specifically, the truth of the allegations set forth in the pleadings in the Underlying Action. These answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 19, and on that basis deny the remaining allegations contained therein, generally and specifically, and each and every part thereof.

20. Answering paragraph 20, Defendants admit they were placed on notice of the Underlying Action. These answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 20, and on that basis deny the remaining allegations contained therein, generally and specifically, and each and

every part thereof.

21. Answering paragraph 21, Defendants admit they were placed on notice of the Underlying Action and assigned a claim number as to the subject claim against Urata in the Underlying Action. Except as so specifically admitted, Defendants deny the remaining allegations contained therein, generally and specifically, and each and every part thereof.

22. Answering paragraph 22, Defendants admit and allege that up until on or about April 22, 2009, they participated in Urata's defense in the Underlying Action, under full and complete reservations of their respective rights, including, without limitation, the right to assert there is no duty to defend or to indemnify Urata in the Underlying Action and the right to withdraw from Urata's defense and to deny coverage to Urata in its entirety. Except as so specifically admitted, Defendants deny the remaining allegations contained therein, generally and specifically, and each and every part thereof.

23. Answering paragraph 23, Defendants acknowledge that no allegations contained in paragraph 23 are asserted against Defendants and therefore no response by Defendants is required. If a response is deemed necessary, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein generally and specifically, and each and every part thereof.

24. Answering paragraph 24, Defendants admit and allege that on or about April 7, 2009 they advised Urata in writing that Defendants had completed their coverage investigation, that they had determined there was no coverage or potential for coverage under Defendants' Policies for the Underlying Action for the reasons set forth therein, and that effective 15 days thereafter, Defendants would withdraw from Urata's defense. Except as so specifically admitted, Defendants deny the remaining allegations contained therein, generally and specifically, and each and every part thereof.

25. Answering paragraph 25, Defendants deny, generally and specifically, the allegations contained therein, and each and every part thereof.

26. Answering paragraph 26, Defendants deny, generally and specifically, the allegation of Defendants' "improper conduct" and further deny, generally and specifically, that Urata's

7
ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL

alleged "liabilities" in the Underlying Action were ever established, either by a court or otherwise. These answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 26, and on that basis deny the remaining allegations contained therein, generally and specifically, and each and every part thereof.

27. Answering paragraph 27, these answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26, and on that basis deny the remaining allegations contained therein, generally and specifically, and each and every part

28. Answering paragraph 28, Defendants deny, generally and specifically, the allegations contained therein, and each and every part thereof.

29. Answering paragraph 29, Defendants deny, generally and specifically, the allegations contained therein, and each and every part thereof.

30. Answering paragraph 30, Defendants deny, generally and specifically, the allegations contained therein, and each and every part thereof.

## FIRST CAUSE OF ACTION

31. Answering paragraph 31, Defendants incorporate by this reference all of their answers and allegations set forth in each of the preceding paragraphs of this Answer as if set forth in full.

32. Answering paragraph 32, Defendants admit that in the Underlying Action Sunterra sought monetary damages from Perini which, in turn, sought indemnity for such damages from third party defendant, Urata, among others, in connection with alleged problems with Phases I, II and III of the Project. Except as so specifically admitted, Defendants deny the remaining allegations contained therein, generally and specifically, and each and every part thereof.

33. Answering paragraph 33, Defendants deny, generally and specifically, the allegations contained therein, and each and every part thereof.

34. Answering paragraph 34, Defendants deny, generally and specifically, the allegations contained therein, and each and every part thereof.

8
ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL

35. Answering paragraph 35, these answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35, and on that basis deny the remaining allegations contained therein, generally and specifically, and each and every part.

36. Answering paragraph 36, Defendants deny, generally and specifically, the allegations contained therein, and each and every part thereof.

37. Answering paragraph 37, Defendants deny, generally and specifically, the allegations contained therein, and each and every part thereof.

38. Answering paragraph 38, Defendants deny, generally and specifically, the allegations contained therein, and each and every part thereof.

## SECOND CAUSE OF ACTION

39. Answering paragraph 39, Defendants admit that a controversy now exists between Plaintiffs and Defendants by virtue of Plaintiffs' within Complaint. Except as so specifically admitted, Defendants deny the remaining allegations contained therein, generally and specifically, and each and every part thereof.

40. Answering paragraph 40, Defendants admit that Plaintiffs make the contentions and that Defendants deny the contentions set forth therein. Further answering paragraph 40, Defendants deny, generally and specifically, the merits of Plaintiffs' said contentions set forth therein, and each and every part of said contentions.

41. Answering paragraph 41, Defendants deny, generally and specifically, the allegations contained therein, and each and every part thereof.

## **AFFIRMATIVE DEFENSES**

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

42. Plaintiffs' Complaint, and each and every cause of action alleged therein, is barred by the terms, conditions, definitions, exclusions, limitations, endorsements and other provisions of Defendants' Policies.

## SECOND AFFIRMATIVE DEFENSE

43. Without in any way limiting the generality of the First Affirmative Defense, Defendants further allege as follows. The 2002-03 Policy, the 2003-04 Policy, the 2004-05 Policy and the 2005-06 Policy each contain the following endorsement (form CG 21 34 01 87):

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – DESIGNATED WORK**

This endorsement modifies insurance under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

**Description of your work:**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule. [boldface in original]

The Declarations of the 2002-03 Policy, the 2003-04 Policy, the 2004-05 Policy and the 2005-06 Policy (sometimes hereinafter collectively the "2002-06 Policies") each provide, as respect the Schedule to their respective "EXCLUSION – DESIGNATED WORK" endorsements:

CONSTRUCTION OF ANY SINGLE FAMILY DWELLING, TOWNHOUSE, CONDOMINIUM, OR MULTI-TRACT HOUSING DEVELOPMENT.

The 2006-07 Policy contains the following endorsement (form CG 21 34 01 87):

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION - DESIGNATED WORK**

This endorsement modifies insurance under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

**Description of your work:**

Construction of any Single Family Dwelling, Apartment, Condominium, Townhouse or Multi-Tract Housing Development. However, this exclusion does not apply to the following

ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL

jobs:

1. Covenant Village of Turlock Apartment Job No. 05-129 located at 2525 North Olive Avenue, Turlock, CA.

2. Sunterra Embassy Vacation Resort Job No. 06-190, located at 901 Ski Run Blvd., South Lake Tahoe, California.

3. Mariott Timber Lodge Resort Phase III Job No. CA040-06 located at 4100 Lake Tahoe Blvd South Lake Tahoe, CA

4. **Job No. 07-179 which is a pour-in-place foundation for a single family dwelling located at 2111 24th Street, Sacramento, CA**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule. [boldface in original]

Defendants are informed and believe and thereon allege as follows: the Underlying Action only involved Phases I, II and III of the Project; that at all times that Urata worked on Phases I, II and III of the Project and at the times that its work on each of those Phases was completed, the Project was built and intended for sale to the public of vacation ownership interests entailing deeded, fee-simple interests in particular units - to wit, "time share" condominiums; further, the exceptions to the "Exclusion - Designated Work" to the 2006-07 Policy are inapplicable, as the first, third and fourth exceptions refer to entirely different projects, and the second exception ("Sunterra Embassy Vacation Resort Job No. 06-190") pertains to Phase IV of the Project, which was not at issue in the Underlying Action. Accordingly, insofar as Urata was sued in the Underlying Action by Perini for indemnification for alleged damage to property arising out of Urata's completed work on Phases I, II and III of the Project, under the "Exclusion-Designated Work" endorsements quoted above, any coverage that may have been afforded in the first instance (the existence of which Defendants deny, generally and specifically) is thereby excluded in its entirety; thus, there is not and never was any coverage or potential for coverage for Urata under Defendants' Policies, and thus Defendants never had and have no duty to defend or to indemnify Urata in the Underlying Action; as such, there is no basis for Plaintiffs to seek any of the relief that they allege in their within Complaint.

### THIRD AFFIRMATIVE DEFENSE

44. Plaintiffs' Complaint, each cause of action therein, fails to state facts sufficient to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

45. Plaintiffs' Complaint, and each cause of action therein, is barred insofar as there has been failure of a condition precedent contained in Defendants' Policies.

### FIFTH AFFIRMATIVE DEFENSE

46. Plaintiffs' damages, if any, were not caused by any acts or omissions on the part of Defendants, but rather by the acts or omissions of either Plaintiffs or of third persons who, at the time and under the circumstances, were not acting on behalf of Defendants.

### SIXTH AFFIRMATIVE DEFENSE

47. Plaintiffs' Complaint, and each cause of action therein, is barred by the applicable statute(s) of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

48. Plaintiffs' Complaint is barred, in whole or in part, by the equitable defenses of waiver, estoppel, laches and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

49. Plaintiffs' claims should be barred or reduced to the extent that Plaintiffs have failed to mitigate their alleged damages

### NINTH AFFIRMATIVE DEFENSE

50. Should Plaintiffs recover any amount from Defendants, Defendants are entitled to indemnification and/or contribution, either in whole or in part, from all persons or entities whose actions and/or fault proximately contributed to Plaintiffs' alleged damages, including, without limitation, Plaintiffs' other insurers.

### TENTH AFFIRMATIVE DEFENSE

51. Should Plaintiffs recover any amounts from Defendants, such recovery must be reduced or offset by amounts paid by or collected from any other insurer or entity.

//

### ELEVENTH AFFIRMATIVE DEFENSE

52. Defendants are not liable for any costs voluntarily incurred by Plaintiffs and/or any voluntary payments made by Plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

53. Plaintiffs have failed to join a party or parties needed for a just and complete adjudication.

### THIRTEENTH AFFIRMATIVE DEFENSE

54. Defendants deny that they have any obligation to reimburse Plaintiffs for any defense expenses incurred by Plaintiffs in the Underlying Action. If it is determined that Defendants have an obligation to reimburse Plaintiffs for their defense expenses, any such obligation would be limited to the reasonable defense expenses incurred by Plaintiffs after the date of tender of the Underlying Action to Defendants and after Defendants' withdrawal from the defense of Urata. Defendants have no obligation in any event to pay for or reimburse any defense expenses incurred prior to the later of said dates.

### FOURTEENTH AFFIRMATIVE DEFENSE

55. The Defendants' Policies only apply, if at all, to "property damage" caused by an "occurrence" (as those terms are defined in Defendants' Policies) during the respective periods of the Defendants' Policies. Insofar as one or both of these prerequisites for coverage have not been met under a given policy of Defendants, there would be no coverage thereunder in the first instance. Further, insofar as Urata or any of its employees authorized to give or receive notice of any "occurrence" knew that any alleged "property damage" had occurred, in whole or in part, at the Project prior to the inception of one or more of Defendants' Policies, no coverage would be afforded thereunder in the first instance.

### FIFTEENTH AFFIRMATIVE DEFENSE

56.. Pursuant to the "Other Insurance" clauses of the Defendants' Policies, insofar as the claims made against Plaintiffs' insured in the Underlying Action were covered by one or more policies of other insurance companies, then any coverage that may be found under Defendants' Policies would be excess thereto.

### SIXTEENTH AFFIRMATIVE DEFENSE

57. Any coverage that might be found for the Underlying Action under the Defendants' Policies is subject to the applicable limits of liability and deductibles contained in the Defendants' Policies.

### SEVENTEENTH AFFIRMATIVE DEFENSE

58. Any claim by Plaintiffs for indemnity against the Underlying Action under the Policies is barred, in whole or in part, to the extent that no liability has ever been established against Defendants' insured, Urata, in the Underlying Action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

59. In the event Defendants are found liable to Plaintiffs under the Policies alleged in the complaint (which liability is expressly denied), Defendants' maximum liability under their respective policy would be restricted to the monetary limits stated in its Policies and, as to each such limit, recovery would be limited by the amount of any prior reduction or impairment of such limit pursuant to the terms of the Policies.

### NINETEENTH AFFIRMATIVE DEFENSE

60. Plaintiffs have failed to set out their claims with sufficient particularity to permit Defendants to raise all appropriate defenses, and Defendants reserve their right to amend and/or supplement this answer with additional affirmative defenses.

### TWENTIETH AFFIRMATIVE DEFENSE

61. By alleging the above affirmative defenses, Defendants do not admit or agree that they have the burden of proof for any of the above issues.

### **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs' Complaint and asserted Affirmative Defenses, Defendants pray for Judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint or any claims stated therein;
2. That Plaintiffs' Complaint and each cause of action therein be dismissed with prejudice as against Defendants;
3. For costs of suit; and

4.  For such other and further relief as the Court deems just and appropriate in the circumstances.

DATED: April 25, 2011

HARRIS, GREEN & DENNISON
A Professional Corporation

By: *[signature]*
GARY L. GREEN,
Attorneys for Defendants,
WESTCHESTER FIRE INSURANCE COMPANY and WESTCHESTER SURPLUS LINES INSURANCE COMPANY

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure on every issue triable of right by a jury.

DATED: April 25, 2011

HARRIS, GREEN & DENNISON
A Professional Corporation

By: *[signature]*
GARY L. GREEN,
Attorneys for Defendants,
WESTCHESTER FIRE INSURANCE COMPANY and WESTCHESTER SURPLUS LINES INSURANCE COMPANY